**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JORGE MERCHAN MERCHAN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-8145** |
| | : | |
| **J.L. JAMISON, JOHN E. RIFE, SECRETARY MARKWAYNE MULLIN, U.S. DEPARTMENT OF HOMELAND SECURITY** | : | |

# ORDER

**AND NOW**, this 28th day of October 2026, upon considering an incarcerated man's Petition for habeas corpus (ECF 1) seeking release from custody at the Federal Detention Center Philadelphia after residing in the United States for over two years, Respondents' Answer (ECF 5) opposing release but not showing Respondents afforded Petitioner notice and an opportunity to demonstrate a pre-bond hearing release would not pose a danger to property or persons and Petitioner is likely to appear for an as-yet unscheduled bond hearing or other proceedings, Petitioner's Reply (ECF 6), it is **ORDERED** we **GRANT** the Petition for habeas corpus (ECF 1) requiring we order:

1. Petitioner Jorge Merchan Merchan is not today subject to detention under 8 U.S.C. § 1226(a) without Respondents showing they afforded Petitioner pre-custodial notice of his ability to demonstrate he would not pose a danger to property or persons and Petitioner is likely to appear for future proceedings;

2. Respondents shall **forthwith** release Jorge Merchan Merchan from federal custody no later than **6:00 PM EST** on **October 28, 2026** and shall confirm their strict compliance with today's Order through a Certification of Respondents' counsel filed no later than **9:30 AM EST** on **October 29, 2026**;

3. Respondents are temporarily enjoined from re-detaining Petitioner until no earlier than **November 11, 2026** and should Respondents choose to pursue re-detention before a bond hearing under section 1226(a), they must first provide Petitioner: 1) notice and an opportunity to demonstrate release would not pose a danger to property or persons and Petitioner is likely to appear for any future proceedings; 2) identify their determination of this threshold question in their detainer documents to confirm their compliance with governing Regulations; and 3) if requested, schedule a bond hearing at which a neutral immigration judge will determine whether detention is then warranted pending resolution of those removal proceedings; and,

4. The Clerk of Court **CLOSE** this case.[1]

**KEARNEY, J.**

[1] Immigration and Customs Enforcement arrested Jorge Merchan Merchan and detained him during a routine check-in on October 19, 2026. ECF 1 ¶ 21. Respondents claim to have detained Mr. Merchan Merchan under 8 U.S.C. § 1226(a). ECF 5 at 1.

Mr. Merchan Merchan petitions for habeas relief urging the Respondents' exercise of discretion in detaining him (absent further proof) violates the Constitution and 8 C.F.R. § 236.1. ECF 1. He also argues Respondents violate the *Accardi* doctrine by detaining him. *Id.* at 27 ("The *Accardi* doctrine holds that government agencies are bound to follow their own rules, even self-imposed procedural rules that limit otherwise discretionary decisions.") (citing *U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)). The United States opposes arguing Mr. Merchan Merchan has not exhausted his administrative remedies and his substantiative and procedural due process rights are not harmed. ECF 5. It also argues it does not violate the *Accardi* doctrine by detaining him because ICE has statutory and regulatory authority to detain noncitizens in removal proceedings and Mr. Merchan Merchan identifies no rule or binding norm to the contrary.

Respondents must afford Mr. Merchan Merchan a bond hearing before an Immigration Judge. *I.K. v. Jamison*, No. 26-3719, Order (ECF 10) (E.D. Pa. June 9, 2026) (Diamond, J.). Mr. Merchan Merchan requested an Immigration Judge review his custody determination when Respondents detained him. ECF 5-3. Respondents report they have not yet scheduled the time and place of a bond hearing for Mr. Merchan Merchan before an Immigration Judge. ECF 5 at 1 n.1. They report a hearing "is in the process of being scheduled but a date has not been confirmed" as of their filing. *Id.* at 4. They assert this hearing can occur once Mr. Merchan Merchan "is transferred to a facility

that can facilitate remote bond hearings." *Id.* at 7. But they offer no information on when or if this transfer will occur. And Respondents' argument they cannot provide Mr. Merchan Merchan a bond hearing until he is transferred to a facility capable of providing remote bond hearings is unpersuasive in light of our October 26, 2026 Order permitting Respondents to alter Mr. Merchan Merchan's custody in this District only to "facilitate [his] appearance in front of an Immigration Judge for a bond hearing." ECF 2. This Order moots this concern requiring he shall be released today and then, if re-detained consistent with this Order, he may be transferred for an already scheduled bond hearing.

A bond hearing will address Mr. Merchan Merchan's custody. And we agree with our colleagues as to his need to exhaust administrative remedies if an Immigration Judge detains him after considering the evidence at a bond hearing.

We face a different question. The question before us today is what process Respondents owed Mr. Merchan Merchan before depriving him of liberty subject to a later (as yet unscheduled) bond hearing including whether this type of pre-hearing custody without giving notice of his ability to show grounds to avoid custody is consistent with Respondents' discretion to detain him pending his bond hearing. Respondents argue neither Congress in section 1226(a) nor the regulations issued thereunder afford some form of pre-seizure determination before custody. We agree in part; Congress did not specifically identify the need for a pre-deprivation liberty determination in section 1226(a). But the regulations governing Respondents' discretion under section 1226(a) afford Mr. Merchan Merchan the opportunity to demonstrate "release would not pose a danger to property or persons" and Mr. Merchan Merchan "is likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). Respondents do not address how we are to ignore these regulations. Respondents instead argue the only reference to dangerousness and flight risk in these regulations "relates to the post-deprivation process" where Mr. Merchan Merchan must demonstrate grounds to avoid custody. ECF 5 at 8–9. Respondents simply argue the process of exhaustion after a bond hearing. Under Respondents' view, they can place a person in custody without the findings set in the regulation and Mr. Merchan Merchan can later argue for release.

We recognize (as do Respondents) our colleagues differ on the due process rights before a bond hearing when the Respondents exercise discretion under section 1226(a). Judge Diamond denied a Petition for habeas relief when Petitioner challenged detention under section 1226(a), and an Immigration Judge scheduled a bond hearing for eleven days after Immigration and Customs Enforcement (ICE) detained Petitioner. *I.K.*, No. 26-3719 at Order (ECF 10). Judge Diamond found Petitioner had not exhausted his administrative remedies. *Id.* And some of our colleagues have denied Petitions for habeas relief under similar facts. *See, e.g.*, *Vakhtangadze v. J.L. Jamison, et al.*, No. 26-6630, 2026 WL 2969613 (E.D. Pa. Oct. 2, 2026) (Pozos, J.); *Piatukho v. Jamison, et al.*, No. 26-6413, 2026 WL 2719267 (E.D. Pa. Sep. 15, 2026) (Leeson, J.); *Kumar v. Phila. Fed. Det. Ctr., et al.*, No. 26-6689, 2026 WL 2836549 (E.D. Pa. Sep. 21, 2026) (Kenney, J.).

We and several of our colleagues hold Congress did not authorize pre-bond hearing detention without an individualized determination of the individual's flight risk or danger to the community under section 1226(a). *See Lursmanashvili v. Jamison, et al.*, No. 26-7716, 2026 WL 3123167 (E.D. Pa. Oct. 19, 2026) (Henry, J.); *Filiberto Espinoza Huerta v. Mullin, et al.*, No. 26-7845, 2026 WL 3217165 (E.D. Pa. Oct. 17, 2026 (Henry, J.); *Tenezaca-Bacacela v. Jamison, et al.*, No. 26-

7617 at Order (ECF 10) (Oct. 16, 2026) (Schmehl, J.); *Laphachi v. Jamison*, No. 26-7211, 2026 WL 2959610 (E.D. Pa. Oct. 1, 2026) (Sánchez, J.); *Hernandez Ojeda v. Jamison, et al.*, No. 26-7628, 2026 WL 3074934 (E.D. Pa. Oct. 14, 2026) (Sánchez, J.); *Hernandez v. Jamison, et al.*, No. 26-7606, 2026 WL 3034460 (E.D. Pa. Oct. 9, 2026) (Beetlestone, C.J.); *Camara v. Jamison, et al.*, No. 26-6552, 2026 WL 3034346 (E.D. Pa. Oct. 8, 2026 (Hodge, J.); *Laphachi v. Jamison, et al.*, No. 26-7211, 2026 WL 2959610 (E.D. Pa. Oct. 1, 2026) (Sánchez, J.); *Torres Guevara v. Warden of Fed. Det. Ctr. Philadelphia*, No. 26-7077, 2026 WL 2838542 (E.D. Pa. Sept. 22, 2026) (Savage, J.); *Alatoom v. Rife, et al.*, No. 26-7178, 2026 WL 3073229 (Sep. 22, 2026) (Kearney, J.); *Perez Angeles v. Mullin, et al.*, No. 26-7167, 2026 WL 3041377 (Sep. 22, 2026) (Kearney, J.); *Regalado-Nauta v. Jamison*, No. 26-6834, 2026 WL 2740528, at *3–5 (E.D. Pa. Sep 16, 2026) (Beetlestone, C.J.); *Winniber De Los Santos Medina, v. J.L. Jamison, et al.*, No. 26-6800, 2026 WL 2742071, (E.D. Pa. Sept. 16, 2026) (Rufe, J.) *Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649, at *4–5 (E.D. Pa. June 17, 2026) (Sánchez, J.).

Chief Judge Beetlestone granted habeas relief finding detention under section 1226(a) is discretionary and the United States had not made an individualized bond determination. *Regalado-Nauta v. Jamison*, No. 26-6834, 2026 WL 2740528, at *3–5 (E.D. Pa. Sep 16, 2026). Chief Judge Beetlestone focused, along with Judge Sánchez in an earlier case, on the lack of criminal history or dangerousness concern consistent with 8 C.F.R. § 1236.1(c)(8). The United States argues this analysis is inappropriate under a section 1226(a) discretionary abstention; it argues neither Congress nor the administrative agencies require a finding of dangerousness on an individual basis under section 1226(a). ECF 5 at 8–9. The petitioner before Chief Judge Beetlestone (like Mr. Merchan Merchan) seemingly had no criminal history and regularly appeared for routine check-ins at the Philadelphia field office of the Department of Homeland Security. *Regalado-Nauta*, 2026 WL 2740528, at *3–5. Judge Sánchez similarly granted a Petition for habeas relief finding the facts before him "bereft of a reasoned finding that Petitioner is dangerous or a flight risk, or unsuitable for conditions short of detention." *Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649, at *4–5 (E.D. Pa. June 17, 2026).

Judge Rufe likewise granted habeas relief under section 1226(a) when the United States did not provide a habeas petitioner with an individualized custody determination or an opportunity to be heard before his section 1226(a) bond hearing. *Winniber De Los Santos Medina, v. J.L. Jamison, et al.*, No. 26-6800, 2026 WL 2742071, at *1 (E.D. Pa. Sept. 16, 2026). Judge Rufe explained before the United States exercises discretion to detain a non-citizen it must make an individualized custody determination regarding "whether the non-citizen is a danger to property or persons and is likely to appear for any future proceedings." *Id.* at *4. The United States cannot exercise discretion and detain a non-citizen based solely on immigration status. *Id.* at *5. Judge Rufe next reviewed the Supreme Court's three factor analysis from *Mathews v. Eldridge* finding the United States did not meet its obligation to provide petitioner procedural due process. *Id.* at 4 (citing *Mathews v. Eldrige*, 424 U.S. 319, 334 (1976)).

We are also guided by Judge Ho's earlier analysis in *Lopez Benitez v. Francis*. 795 F.Supp.3d 475, 492–495 (S.D.N.Y. 2025). Judge Ho explained reading section 1226(a) as Congress requiring the United States to make an individualized assessment "is the only way to make sense of the broader statutory and regulatory scheme" for two reasons: 1) it does not make sense to provide individuals an opportunity to challenge their detention before an immigration judge unless detention is based

on an individualized assessment of dangerousness or flight risk; and 2) Congress's carve out in section 1226(c) for disfavored [criminal] non-citizens is unnecessary if it authorizes under section 1226(a) the categorical detention of any non-citizen. *Id.* at 493–94.

Mr. Merchan Merchan's detention today before a bond hearing process cannot withstand due process scrutiny on the record before us. Mr. Merchan Merchan has the right to demonstrate to the immigration officer issuing the warrant his release does not pose a danger to property or persons and he is likely to appear for any future proceedings. We, like Judge Rufe, reviewed the Supreme Court's *Mathews* factors and find procedural due process requires, at a minimum, the United States provide Mr. Merchan Merchan with notice of this right to demonstrate grounds for his release pending a bond hearing and then exercise discretion after hearing from Mr. Merchan Merchan. Respondents can then provide their notice of this right and their findings before custody. We would then face a closer question on due process.

We have no basis to today find Respondents offered this notice and will not substitute our judgment on these findings for the officer issuing the warrant based on the limited information before us. The record is devoid of evidence Respondents determined Mr. Merchan Merchan's flight risk or danger to the community before detaining him as required. Respondents present Mr. Merchan Merchan's Form I-213 Record of Deportable Inadmissible Alien suggesting they detained him "due to the availability of bed space." ECF 5-1 at 4. They present Form I-200, the warrant for Mr. Merchan Merchan's arrest, suggesting they arrested him based on his immigration status. ECF 5-2. And the Form I-286 Notice of Custody Determination simply reflects Respondents detained Mr. Merchan Merchan without an explanation. None of this evidence includes an individualized assessment of Mr. Merchan Merchan's flight risk or danger to the community.